UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JEFFREY A. TAYLOR § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> BP WORLDWIDE SECURITY, INC., § <br> § <br> Defendant. § | Civil Action No. 4:10-CV-00557 |

### THE CUSTODIAN OF RECORDS AND DIRECTOR OF SECURITY FOR KELSEY-SEYBOLD'S OBJECTIONS TO PLAINTIFF'S SUBPOENA AND REQUEST FOR DOCUMENTS, MOTION TO QUASH AND REQUEST FOR PROTECTIVE ORDER

The Custodian of Records for Kelsey-Seybold ("Custodian of Records") and Ramon Jacquez, the Director of Security for Kelsey-Seybold ("Jacquez") (collectively referred to as "Kelsey-Seybold"), both non-parties to this action, submit their objections and motion to quash in response to their subpoenas to appear and produce documents and moves the Court to quash the subpoenas and issue a protective order.

I.

Kelsey-Seybold objects to defective service of the subpoenas issued to the Custodian of Records and Jacquez. According to the face of each subpoena, the Custodian of Records and Ramon Jacquez were allegedly served on July 22, 2010.[1] Yet, counsel for Plaintiff did not provide Kelsey-Seybold's counsel with a copy of these subpoenas until 11:28 p.m. on July 22, 2010, via electronic mail, which calls into question whether service had been completed on July 22, 2010, as represented on the

---
[1] A true and correct copy of each subpoena is attached as Exhibit A.

subpoena. Moreover, no fee was tendered to cover expenses associated with attendance in Court and mileage, as is required pursuant to F.R.C.P. 45(b)(1).

Notwithstanding Plaintiff's defective service, Kelsey-Seybold objects to the timeliness of the request. Each subpoena states that each party is to appear before this Court on July 26, 2010, with documents as described below:

> Any and all emails and any other documents generated or received by Ramon Jacques and/or Steve Lammers during the month of October 2008 that relates or pertains to the claims of Jeffrey A. Taylor against BP Worldwide Security, Inc. The witness is requested to search electronically stored information using the search terms on Exh. A hereto and herein.[2]

F.R.C.P. 45 (c)(1) states that the party issuing the subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. In the present case, the subpoenas at issue were allegedly served upon Kelsey-Seybold on Thursday, July 22, 2010, commanding the appearance of its Security Director and Custodian of Records before the Court on the following Monday, July 26, 2010, with a set of described documents, including those which are electronically stored. A notice period of approximately 48 business hours, assuming that both the Custodian of Records and the Security Director each received their subpoenas first thing in the morning on July 22, 2010, simply does not show that reasonable steps were taken to avoid imposing undue burden on the parties receiving the subpoena.

II.

Kelsey-Seybold further objects to the production request on grounds that the request is overly broad and unduly burdensome, and additionally objects to the extent that

---

[2] The subpoena directed to Ramon Jacquez indicated that such documents were to be produced on July 23, 2010 at 9:00 a.m. It is assumed that this is a typographical error since the subpoena was not allegedly served until July 23, 2010, and it is further assumed that the documents are to be produced on July 26, 2010.

this request may seek documents which are confidential or proprietary to Kelsey-Seybold.

III.

Kelsey-Seybold further objects on grounds that Plaintiff has had ample opportunity to discover this information or otherwise make efforts to obtain this information that would have provided more than 48 business hours' notice to Kelsey-Seybold. F.R.C.P. 26(b)(2)(C)(ii). Plaintiff's own failure to timely investigate and conduct discovery on these matters should not result in an undue imposition of costs and burden upon Kelsey-Seybold.

IV.

Pursuant to F.R.C.P. 26 (b)(2)(B), Kelsey-Seybold requests that this Court enter an order protecting them from undue burden, unnecessary expense, and general harassment from discovery. In support of same, an affidavit outlining the burdensome nature of Plaintiff's request for documents, inclusive of the expenses and time associated with electronic searches of the type requested by Plaintiff, has been prepared.[3] Plaintiff has simply not provided adequate time for Kelsey-Seybold to comply. Moreover, since Kelsey-Seybold is a medical provider and handles sensitive medical information about patients to whom they owe duties of information security and privacy, additional time must be taken to ensure that the Health Insurance Portability and Accountability Act of 1996 (HIPAA) is not breached by any disclosure of documents.

V.

Plaintiff has not demonstrated any reason why the Custodian of Records and the Director of Security of Kelsey-Seybold must be burdened with an expedited request for

---

[3] A true and correct copy of an affidavit prepared by Martin Littman is attached as Exhibit B.

documents in response to the attached subpoena. Kelsey-Seybold therefore requests that this Court sustain the objections as set forth above, quash the subpoenas to appear, grant its request for protection, and for such other and further relief, at law or in equity, to which they may show themselves justly entitled.

                Respectfully submitted,

                THOMPSON & KNIGHT L.L.P.

                By: */s/ Juan C. Garcia*
                    Juan C. Garcia
                    State Bar No. 24045914
                    333 Clay Street, Suite 3300
                    Houston, Texas 77002
                    713-654-8111
                    713-654-1871 (fax)

                ATTORNEY FOR KELSEY-SEYBOLD

## Certificate of Service

I hereby certify that a true and correct copy of this document was served on counsel for all counsel of record via electronic means to all parties of record.

                                                */s/ Juan C. Garcia*
                                                Juan C. Garcia